# CASE NO. 24-20332
_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT
_____

### GOLDEN BEAR INSURANCE COMPANY,
*Plaintiff – Appellee*

v.

### 34TH S&S, L.L.C. DOING BUSINESS AS CONCRETE COWBOY, KACY CLEMENS, DANIEL JOSEPH WIERCK, CONNER CAPEL,
*Defendants – Appellants*
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
_____

### THE TEXAS TRIAL LAWYERS ASSOCIATION'S
### *AMICUS CURIAE* BRIEF SUPPORTING APPELLANTS,
### 34TH S&S D/B/A CONCRETE COWBOY, ET AL.
_____

John Gsanger, Lead Counsel
State Bar No. 00786662
THE AMMONS LAW FIRM
3700 Montrose Blvd.
Houston, TX 77006
Telephone: 713-523-1606
Email: john@ammonslaw.com

Henry Moore
State Bar No. 14341500
MOORE & BOMBEN PLLC
2901 Bee Cave Rd., Ste. C
Austin, TX 78746
Telephone: 512-477-1663
Email: henry@moorebomben.com

Kevin Camp, President
State Bar No. 24064996
TEXAS TRIAL LAWYERS
ASSOCIATION
1220 Colorado, Ste. 500
Austin, TX 78701-1814
Telephone 512-476-3852
Email: kcamp@rovencamp.com


**COUNSEL FOR *AMICUS CURIAE* THE TEXAS TRIAL LAWYERS ASSOCIATION**

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Cir. R 28.2.1 have an interest in the outcome of this case. These representations are made so that the judges of this court may evaluate possible disqualification or recusal.

| **Plaintiff-Appellee:** | **Counsel for Plaintiff-Appellee:** |
|---|---|
| Golden Bear Insurance Company | George S. McCall |
| | Erin M. Turner |
| | Sondra S. Sylva |
| | **PHELPS DUNBAR LLP** |

| **Defendants-Appellants:** | **Counsel for Defendants-Appellants:** |
|---|---|
| 34th S&S, LLC d/b/a Concrete Cowboy | Randall O. Sorrels |
| Daniel Joseph Wierck | H. Victor Thomas |
| Kacy Clemens | Dylan B. Russell |
| Conner Capel | **SORRELS LAW** |

| **Amicus Curiae** | **Counsel for Amicus Curiae** |
|---|---|
| Texas Trial Lawyers Association (TTLA) | John Gsanger |
| | **THE AMMONS LAW FIRM** |
| | Henry Moore |
| | Jayme Bomben |
| | **MOORE & BOMBEN PLLC** |
| | Kevin Camp |
| | **ROVEN CAMP PLLC** |

# TABLE OF CONTENTS

Certificate of Interested Persons ................................................................................i

Table of Contents ........................................................................................................ii

Table of Authorities ...................................................................................................iii

Interest of *Amicus Curiae* and Fed. R. App. P. 29 Disclosure ...................................1

Discussion .....................................................................................................................2

    I.       The Main Issue before this Court Addressed in this Brief .........................2

           **Question**:        Is a "policy limit" demand an authorized substitute for a sum certain in a *Stowers* offer?

           **Proposed Answer**:    Texas law authorizes this substitution.

    II.      Summary of Relevant Context for Analysis................................................2

    III.     Discussion of Authorities .............................................................................4

        a.  History of the *Stowers* doctrine ...................................................................4

        b.  Current interpretation of the *Stowers* doctrine as applied to this case.......7

          i.  "Policy limit" is an acceptable substitute for a "sum certain" ................7

          ii.  "Any and all insurance contracts" is unambiguous with one policy ......8

    IV.     Public Policy Consideration ........................................................................9

    V.      Conclusion ....................................................................................................9

Certificate of Service ................................................................................................12

Certificate of Compliance ........................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*AFTCO Enterprises, Inc. v. Acceptance Indemnity Ins. Co.,* ...............................3, 8
   321 S. W. 3d 65 (Tex. App. – Houston [1st dist.] 2010, pet. denied)

*Am. Guarantee and Liability Ins. Co. v. ACE American Ins. Co.*, ................ 4, 7, 10
   990 F.3d 842 (5th Cir. 2021)

*American Physician Insurance Exchange v. Garcia*, ................................ 3, 6, 7, 10
   876 S.W.2d 842 (Tex. 1994)

*Auto Mutual Indemnity Co. v. Shaw*, ......................................................................5
   134 Fla. 815, 184 So. 852 (Fla. 1938)

*G. A. Stowers Furniture Co. v. American Indemnity Co.*, ............................... *passim*
   15 S.W. 544 (Tex. Comm'n on Appeals 1929)

*Hanson v. Republic Ins. Co.*, ..................................................................................4
   5 S.W.3d 324 (Tex. App.—Houston [1st Dist.] 1999, no writ)

*Hernandez v. Great Am. Ins. Co. of New York*, .......................................................5
   464 S.W.2d 91 (Tex. 1971)

*In re Dana Corp*, ....................................................................................................3
   138 S.W.3d 298 (Tex. 2004)

*Maryland Ins. Co. v. Head Industries Coating and Service, Inc.*, ...........................6
   938 S.W.2d 27 (Tex. 1996)

*Olympia Fields Country Club v. Bankers Indemnity Ins. Co.,* ................................5
   325 Ill. App. 649, 60 N.E.2d 896 (1945)

*OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, .................................................10
   841 F.3d 669 (5th Cir. 2016)

*Pride Transp. v. Cont'l Cas. Co.*, ..........................................................................10
   511 F. App'x 347 (5th Cir. 2013)

*Ranger County Mutual Ins. v. Guin*, ......................................................................5
   723 S.W.2d 656 (Tex. 1987)

*Rocor Intern. Inc. v. National Union Fire Ins. Co. of Pittsburgh, PA*, ........... 6, 7, 10
   77 S.W.3d 253 (Tex, 2002)

*Texas Farmers Ins. Co. v. Soriano*, ...........................................................................................4
  881 S.W.2d 312 (Tex. 1994)

*Trinity Universal Ins. Co. v. Bleeker*, ......................................................................................6
  966 S.W.2d 489 (Tex. 1998)

*Westchester Fire Ins. Co. v. Admiral Ins. Co.*, .......................................................................4
  152 S.W. 3d 172 (Tex. App. – Ft. Worth 2004, pet. denied)

*Westport Ins. Corp. v. Pennsylvania National Mutual Casualty Ins. Co.,* ...............9
  --- F.4th ----, 2024 WL 4219298 (5th Cir. 2024)

**Statutes**

TEX. INS. CODE §541.060 ..........................................................................................................6

**Rules**

5TH CIR. R 25.2.5 ......................................................................................................................12

5TH CIR. R. 28.2.1 ........................................................................................................................ i

5TH CIR. R. 29.2 ..........................................................................................................................1

5TH CIR. R. 32 ...........................................................................................................................13

FED. R. APP. P. 25 .....................................................................................................................12

FED. R. APP. P. 27 .....................................................................................................................13

FED. R. APP. P. 32 .....................................................................................................................13

FED. R. APP. P. 29 .......................................................................................................................1

FED. R. APP. P. 29(a)(3) ..............................................................................................................1

FED. R. CIV. P. 56........................................................................................................................2

TEX. R. CIV. P. 192.3(f) ..............................................................................................................3

# INTEREST OF AMICUS CURIAE AND 5TH CIRCUIT RULE 29.2 DISCLOSURE[1]

The Texas Trial Lawyers Association (TTLA) is a statewide trade association formed to advance the cause of those who are damaged in person and property and who must seek redress therefore at law; to resist the constant efforts to curtail the rights of such persons; to encourage cooperation between lawyers engaged in the furtherance of such objectives; to promote justice and human welfare; and to protect the rights of the citizens of the State of Texas. TTLA is committed to the balanced and impartial administration of justice and seeks to ensure the judicial system produces results that are rational, predictable, and fair to all parties, not only plaintiffs. The citizens of Texas are entitled to no less.

No fee was paid or promised in association with the preparation and filing of this brief because TTLA's amicus briefs are prepared by its members on a volunteer basis. None of those involved in the preparation of this brief has any pecuniary interest in the outcome of this case.

---

[1] This brief is submitted under Fed. R. App. P. 29(a)(3) and 5th Cir. R. 29.2 without the consent of all parties. Undersigned counsel for amicus curiae certifies that this brief was not authored in whole or part by counsel for any of the parties; no party or party's counsel contributed money for the brief; and no one other than amicus and their counsel have contributed money for this brief.

## DISCUSSION

### I. The Main Issue before this Court Addressed in This Brief

The appellant raises several issues in this Court, but this *amicus* brief is focused on the question whether the trial court erred in granting Appellee's motion for summary judgment by holding that a *Stowers* demand must be made for a "sum certain" rather than the "policy limits."

### II. Summary of Relevant Context for Analysis

Bouncers employed by a Houston bar, the Concrete Cowboy, assaulted Kacy Clemons and Connor Capel. The bar was insured by Golden Bear Insurance for general commercial liability claims and for claims arising from assault pursuant to a wasting policy provision where coverage limits erode by mounting defense costs.

All parties agree there was only one insurance policy.

Ten months into the litigation, Clemons and Capel offered to settle their cases for the "policy limits" of "all insurance policies." The exact policy limits were not only unknown to Clemons and Capel; those limits were unknowable to them. The only party who knew the "policy limits" was Golden Bear Insurance since it had been paying the defense costs, which were continually diminishing the policy limits stated on the policy's declaration page. Yet the district court rejected Texas law authorizing a *Stowers* demand for policy limits in lieu of specific dollar amount. But see, e.g., *Am. Physicians Ins. Exchange v. Garcia* 876 S.W.2d 842, 848 (Tex. 1994).

This creates a significant problem under Texas law because Texas Rule of Civil Procedure 192.3(f) mandates the production of insuring agreements, but the Texas Supreme Court has limited this discovery requirement. Specifically, *Dana Corp* holds that the remaining limits on an eroding policy are not discoverable. *In re Dana Corp*, 138 S.W.3d 298, 303-04 (Tex. 2004). Consequently, a "sum certain" demand is impossible to make in many cases with wasting policies. Such policies erode for a variety of reasons. Some take the cost of defense from the policy limits (such as the Golden Bear Insurance policy at issue in this case), and others have aggregate limits that undercut the per-occurrence limit due to prior claims. This is principally why Texas law allows a "policy limit" *Stowers* demand to suffice.

Likewise, the argument that the settlement offer in this case was ambiguous because a particular policy was not referenced is belied by the circumstances of the case. There was only one insurance policy at issue in this case, and it was attached as an exhibit to several of the motions before the district court. Those cases which have found ambiguity in the phrase "all policies" involved multiple policies. *E.g., AFTCO Enterprises, Inc. v. Acceptance Indemnity Ins. Co.,* 321 S. W. 3d 65, 66-7 (Tex. App. – Houston [1st dist.] 2010, pet. denied). That is not the situation in this case.

The other cases cited by Golden Bear Insurance are equally inapplicable because the *Stowers* demand at issue did not seek:

- unclear court costs of an uncertain amount (as in *Am. Guarantee and Liability Ins. Co. v. ACE American Ins. Co.*, 990 F.3d 842, 847 (5th Cir. 2021)), or

- an amount above limits or already exhausted (as in *Hanson v. Republic Ins. Co.*, 5 S.W.3d 324 (Tex. App.—Houston [1st Dist.] 1999, no writ)), or

- limits already paid to other claimants (as in *Texas Farmers Ins. Co. v. Soriano*, 881 S.W.2d 312, 315 (Tex. 1994)), or

- a sum certain that exceeded the amount remaining under an eroding policy (as in *Westchester Fire Ins. Co. v. Admiral Ins. Co.*, 152 S.W. 3d 172, 191 (Tex. App. – Ft. Worth 2004, pet. denied)).

## III. Discussion of Authorities

### a. History of the *Stowers* doctrine

A century ago, there was a split of authority among the states that had considered the same issue which Texas resolved in *G. A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W. 544 (Tex. Comm'n App. 1929, holding approved). Some jurisdictions supported a carrier's duty of care to the insured in settling a third-party claim, while other jurisdictions denied that duty. The diverse opinions that support a denial of this duty were cited in the Court of Appeals opinion,[2] then the contrary authorities were noted in the Commission on Appeals decision (adopted by

---

[2] *G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 295 S.W. 257, 261–62 (Tex. App.—Galveston 1927), *rev'd*, 15 S.W.2d 544 (Tex. Comm'n App. 1929). Other than this footnote, all references to *Stowers* refer to the Commission of Appeals decision.

the Texas Supreme Court). The jurisdictions that held the liability carrier responsible for prudent decisions on behalf of its insured were more "in harmony with the spirit of our laws." *G. A. Stowers*, 15 S.W. at 547.

In the decades following the 1929 opinion, other states cited *Stowers* with approval. Texas was seen as a pioneer and an example to other jurisdictions considering the issue. *See, e.g., Olympia Fields Country Club v. Bankers Indemnity Ins. Co.,* 325 Ill. App. 649, 661, 60 N.E.2d 896, 901 (1945); *Auto Mutual Indemnity Co. v. Shaw*, 134 Fla. 815, 830, 184 So. 852, 859 (Fla. 1938).

Since then, Texas continued to expand the *Stowers* doctrine in favor of people and businesses that paid consideration for liability insurance. In *Hernandez v. Great Am. Ins. Co. of New York*, 464 S.W.2d 91 (Tex. 1971), the Court held that the *Stowers* action accrued once a final judgment was entered whether the insured paid the judgment or not. In *Ranger County Mutual Ins. v. Guin*, 723 S.W.2d 656 (Tex. 1987) the Court held that the *Stowers* duty existed whether a demand had been made by the claimant or not.

*American Physicians Ins. Exchange v. Garcia*, 876 S.W.2d 842 (Tex. 1994), slowed this trend. For the first time, the Texas Supreme Court conditioned the *Stowers* duty on a demand letter that had to meet three elements:

(1) the demand must be within the policy coverage and the policy dollar limit,

(2) the demand must offer an unconditional release to the insured, and

5

(3) the demand must be a demand that a reasonable insurance company would accept to protect its insured against an excess judgment.

*Id* at 849. Then *Trinity Universal Ins. Co. v. Bleeker*, 966 S.W.2d 489 (Tex. 1998), added a requirement that the *Stowers* demand must offer release of hospital liens as part of the settlement offer.

In 2002, *Rocor Intern. Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa*, 77 S.W.3d 253 (Tex. 2002), held that the consumer protection provisions of the Texas Insurance Code applied to third party claims. *Id.* at 262 (citing Tex. Ins. Code art. 21.21 (recodified as Tex. Ins. Code §541.060)). This was a departure from previous opinions. *See, e.g., Maryland Ins. Co. v. Head Industries Coating & Service, Inc.*, 938 S.W.2d 27 (Tex. 1996). The divided Court held that, even absent statutory language requiring a *Stowers* demand to trigger the protections of the Insurance Code, this new requirement was adopted. *Rocor Int'l,* 77 S.W.3d at 271 (Baker, J., dissenting, joined by Hankinson, J.) (discussing this departure from prior rulings).

Yet even as the Texas Supreme Court has slowed the expansion of the *Stowers* doctrine and imposed additional requirements, the Court has never abrogated the claimants' ability to invoke the *Stowers* doctrine even when they cannot possibly know the sum certain for limits remaining on an eroding policy.

### b. Current law on the *Stowers* doctrine as it applies to this case

#### i. "Policy limit" is an acceptable substitute for a "sum certain"

"Generally, a *Stowers* settlement demand must propose to release the insured fully in exchange for a stated sum of money ***but may substitute 'the policy limits' for a sum certain.***" *Am. Physicians,* 876 S.W.2d at 848-49 (emphasis added).

This statement of the law is clear, it is not open to interpretation and has been the standard in Texas for at least 30 years.

Yet in its order, the district court reached a contrary conclusion, citing this Court's opinion in *American Guarantee and Liability Ins. Co. v. ACE American Ins. Co.*, 990 F. 3d 842, 847 (5th Cir. 2021), which – in turn – cited *Rocor*. The district court misreads *Rocor* (and this Court's reliance on *Rocor* in its *American Guarantee* opinion) when it concludes that *Rocor* requires a specific sum in the *Stowers* demand even when there is an eroding policy. The full sentence from *Rocor* referenced by this Court in *American Guarantee* confirms this conclusion:

> A proper settlement demand ***generally*** must propose to release the insured fully in exchange for a stated sum, ***although it may substitute the "policy limits" for that amount.***

*Rocor*, 77 S.W.3d at 262 (emphasis added, citing *Am. Physicians*, 876 S.W.2d at 848–49, for its holding that "a *Stowers* settlement demand must propose to release the insured fully in exchange for a stated sum of money, but may substitute 'the policy limits' for a sum certain"). Since the unknowable status of the remaining

7

policy limits was not an issue in *Rocor* or *American Guarantee*, the references to a "sum certain" are better read as ***sufficient*** to meet the *Stowers* demand requirements but not ***necessary*** where the claimant substitutes "the policy limits" for the sum.

Substituting "policy limits" for a stated sum, as explicitly authorized by *Rocor* and *American Physicians*, is exactly what Clemons and Capel did in this case.

### ii. "Any and all insurance contracts" is unambiguous with one policy

Although the district court's opinion rests mainly on the lack of a sum certain, it also mentions that the particular policy was not identified in the demand letter. There was only one policy at issue. All the parties and the district court were well informed of this fact. A *Stowers* demand cannot be evaluated in a vacuum. The circumstances surrounding the case make a difference. In many of the *Stowers* cases Golden Bear Insurance references, there were several insurance policies at issue. *See, e.g., Am. Physicians*, 876 S.W.2d at 849–50; *AFTCO Enterprises,* 321 S. W. 3d at 66-67. When there are multiple policies (especially multiple policies issued by different insurers), it makes sense to require a particular policy to be identified. In this case it does not.

At the very least, questions about the clarity of this settlement demand are fact questions that preclude summary judgment. *Cf. Westport Insurance Corporation v. Pennsylvania National Mutual Casualty Insurance Company,* --- F.4th ----, 2024 WL 4219298 at 16 (5th Cir. 2024).

## IV. Public Policy Considerations

Unless the Texas Legislature requires parties and their insurers to disclose and update the remaining policy limits as that amount erodes over the course of litigation, insurers should not be allowed to evade their *Stowers* duties by issuing wasting policies. Yet the Texas Legislature has chosen not to create any such laws. Despite that fact, the district court's order will preclude injured claimants from making a valid *Stowers* demand where the specific dollar amount of remaining coverage is unknowable to them. Allowing the district court's order to stand will invite more litigation because of failed negotiations and will leave insured defendants with less protection from insurers who unreasonably deny demands for "all insurance company limits" by stonewalling the disclosure of remaining coverage limits. The key public policy inherent in the *Stowers* doctrine – protecting policyholders who bought liability coverage in exchange for giving insurers complete control over negotiations – will be eviscerated if the district court's order stands.

## V. Conclusion

Most states that have addressed this issue impose a *Stowers*-like duty on liability carriers to look after their insureds when they are sued with the same care that they would give their own affairs. *See, e,g., Rocor*, 77 S.W.3d at 261 (discussing different jurisdictions' approaches to the problem). Many jurisdictions also impose on carriers the duty to initiate negotiations when their insured may be exposed to an

excess verdict, whether a demand has been made by the claimant or not. *Id.* Texas is one of the few states that allows carriers to wait for a demand. *Id*. More than that, the demand must meet certain requirements as outlined in *American Physicians*. An expansion of those requirements as contemplated by the district court's order would subject the insured to pointless doubt and uncertainty.

Yet there have always been important limits to the requirements for a valid demand to invoke the *Stowers* doctrine. One of those just limits is that the demand need not state an exact dollar amount but may instead demand the "policy limit." *See Rocor*, 77 S.W.3d at 261. This Court has repeatedly interpreted Texas law consistent with *American Physicians* and *Rocor*, and it has refused every invitation from insurance companies to further restrict its interpretation. *E.g., Am. Guarantee & Liab. Ins. Co. v. ACE Am. Ins. Co.*, 990 F.3d 842, 848 (5th Cir. 2021); *Pride Transp. v. Cont'l Cas. Co.*, 511 F. App'x 347, 354 (5th Cir. 2013); *OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669, 676, 680 (5th Cir. 2016).

This Court should likewise refuse Golden Bear Insurance's invitation.

Respectfully submitted on October 15, 2024,

   */ss/ John Gsanger*

John Gsanger
State Bar No. 00786662
THE AMMONS LAW FIRM
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606

E-mail: john@ammonslaw.com

Henry Moore
State Bar No. 14341500
MOORE & BOMBEN PLLC
2901 Bee Caves Rd. Ste. C
Austin, Tx 78746
Telephone: 512-477-1663
Email: henry@moorebomben.com

Kevin Camp
State Bar No. 24064996
TEXAS TRIAL LAWYERS ASSOCIATION
1220 Colorado, Ste. 500 Austin, TX 78701-1814
Telephone 512-476-3852
Email: kcamp@rovencamp.com

**COUNSEL FOR *AMICUS CURIAE* THE TEXAS TRIAL LAWYERS ASSOCIATION**

### CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2024 and again on October 15, 2024, the foregoing Texas Trial Lawyers Association's *Amicus Curiae* Brief Supporting Appellants 34th S&S d/b/a Concrete Cowboy, et al. was served on all counsel of record via the Court's ECF filing system pursuant to Fed. R. App. P. 25 and 5th Cir. R. 25.2.5.

    */ss/ John Gsanger*
John Gsanger

## CERTIFICATE OF COMPLIANCE

I hereby certify on September 27, 2024 and on October 15, 2024, that this brief complies with the typeface and type-volume requirements of Fed. R. App. P. 27 and Fed. R. App. P. 32 and 5th Cir. R. 32 because it contains 2,393 words, excluding the parts exempted by Fed. R. App. P. 32, has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14-point font.

 */ss/ John Gsanger*
John Gsanger
